# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

GREGORY DOZIER, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-73

## O R D E R

Before the Court are Plaintiff's two Motions to Vacate the Court's Order to deny him *in forma pauperis* ("IFP") status and to dismiss this case without prejudice. (Docs. 18, 24.) Because Plaintiff does not satisfy the criteria for relief under Federal Rule of Civil Procedure 59(e), the Court **DENIES** his Motions.

## BACKGROUND

Plaintiff is currently incarcerated and has been housed in multiple facilities since October 3, 2012. (Doc. 1, p. 12.) Proceeding *pro se*, he filed this action bringing claims against dozens of defendants alleging violations of the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Id. at pp. 84–86.) Plaintiff's claims arise from his confinement at Georgia State Prison and Macon State Prison where he allegedly was not allowed to grow a lengthy beard in breach of his religious beliefs, forcibly shaved by prison officials with unsanitary clippers, unconstitutionally punished for refusing to allow grooming, and placed in administrative segregation with insufficient food.[1] (See generally id.) Plaintiff has

---

[1] A more comprehensive recitation of Plaintiff's allegations can be found in the Magistrate Judge's Report and Recommendation ("R&R"), (doc. 13, pp. 2–5), adopted by the Court's April 9, 2019 Order, (doc. 16).

previously brought several cases with claims similar to this one. See, e.g., Daker v. Dozier, No. 6:17-CV-110, 2018 WL 582581 (S.D. Ga. Jan. 29, 2018).

Plaintiff filed a motion to proceed IFP, (doc. 2), and the Magistrate Judge screened the complaint for frivolity pursuant to 28 U.S.C. § 1915. The Magistrate Judge issued an R&R recommending that the Court dismiss Plaintiff's claims without prejudice because the Prison Litigation Reform Act's ("PLRA") "three strikes" provision prohibited Plaintiff from obtaining IFP status, and he did not qualify for the imminent danger exception to that statute. (Doc. 13, p. 12.) Plaintiff filed a document titled "Partial Objections," challenging the Magistrate Judge's R&R. (Doc. 15.) After conducting an independent and de novo review of the entire record, the Court adopted the R&R on April 9, 2019. (Doc. 16.)

On May 10, 2019, Plaintiff filed a three page "59(e) Motion to Vacate" the April 9, 2019 Order. (Doc. 18.) The motion is handwritten, and several arguments are illegible. (See generally id.) Plaintiff then filed another more extensive Motion in order "to supplement[] his [original] Motion to Vacate." (Doc. 24.) In the motions, he reiterates many of his previous arguments about his claims. He also contends that the Court should vacate in light of a recent decision from a district court in a different district of this state, Smith v. Dozier, No. 5:12-CV-26, 2019 WL 3719400 (M.D. Ga. Aug. 7, 2019). (Doc. 24, p. 6.) Finally, Plaintiff makes the new allegation that Defendants "attempted to taze [sic]" him when he refused to have his hair cut. (Id. at p. 11.)

## DISCUSSION

A party can seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), but this remedy should "be employed sparingly." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (citation omitted). Rule 59(e) does not specifically provide any basis for relief, but district courts in the Eleventh Circuit have recognized

three grounds that justify reconsidering a judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga 2005); Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (citations omitted); Aird v. United States, 339 F. Supp. 2d 1305, 1312 (S.D. Ala. 2004) (quoting Pac. Life Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). A clear error must be a "clear and obvious error which the interests of justice demand that [the Court] correct." Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

Plaintiff presents several arguments to demonstrate the Court erred by denying him the imminent danger exception to the PLRA's three strike provision. (Doc. 18, pp. 1–3; doc. 24, pp. 5–19.) Under the PLRA, a prisoner who has had three or more cases dismissed for frivolity, maliciousness, or failure to state a claim cannot achieve IFP status "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger exception requires a prisoner to make "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).

Plaintiff asserts that the exception should have applied to his case because of the "unnecessary uses of force against him to shave him," the use of "chemical agents" on him, and "the forcible shavings with unsanitized clippers." (Doc. 18, p. 2; doc. 24, pp. 6–11, 12–19.) He also argues that 28 U.S.C. § 1915(g) is unconstitutional. (Doc. 18, pp. 2–3.) Plaintiff already made these arguments in his "Partial Objection," and his supplemental Motion to Vacate in particular repeats statements from that document verbatim at several points. (Compare generally doc. 15 with doc. 24.) The Court addressed these arguments when it adopted the R&R. (Doc. 16,

pp. 5–9, 10–12.) A plaintiff cannot use a motion to vacate to simply "relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). As each of these three arguments either raise nothing new or simply expound upon prior assertions, they do not present potential grounds for granting the motions and the Court thus declines to address them any further.

Plaintiff also argues that the imminent danger exception should apply because, in Smith v. Dozier, the Middle District of Georgia found that the Georgia Department of Corrections grooming policy violates the RLUIPA.[2] See Smith v. Dozier, 2019 WL 3719400, at *9. Specifically, Plaintiff asserts that "it is not [his] refusal to comply with the grooming policy that places him in [imminent danger but the] *unlawful GDC grooming policy itself*." (Doc. 24, p. 6.) However, the issue of whether the policy justified the Defendants' use of force against Plaintiff goes to the action's underlying merits, not to whether Plaintiff experienced imminent danger. In fact, the April 9, 2019 Order expressly acknowledged that the grooming policy might not provide prison officials with the authority to forcibly shave Plaintiff and that the Eleventh Circuit Court of Appeals was currently addressing the issue. (Doc. 16, p. 5 n.6.) As the Court stated in its Order, "[t]he question currently before the Court is not whether prison officials are justified in their use of force, but rather, whether Daker has sufficiently alleged that he faced an imminent danger of physical injury at the time he brought his Complaint." (Id. at p. 5.) If Defendants are enforcing an unconstitutional or illegal policy, the Plaintiff can still challenge it. However, he will need to refile and pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that

---

[2] Because this is a district court order, it is not binding precedent. See Camreta v. Greene, 563 U.S. 692, 708 n.7 ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (internal citation and quotation omitted).

4

a "prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status" but instead "must pay the filing fee at the time he *initiates* the suit").

Plaintiff next asserts that Defendants "attempted to taze [sic]" him in order to shave his beard on January 10, 2017. (Doc. 24, p. 11.) While Plaintiff's "Partial Objections" cursorily referred to "teasers" (saying that the Defendants maintained a custom of forcing inmates to shave or be shaved by threatening to use or actually using a variety of types of force including "teasers"), this is the first time that Plaintiff has alleged that Defendants actually *tried* to tase him on January 10, 2017. (Doc. 15, p. 23.) As previously stated, Plaintiff cannot use Rule 59(e) to get a second bite of the apple by presenting more details to support assertions and arguments that were available to him (and already alluded to by him) prior to judgment. See Stansell v. Revolutionary Armed Forces of Colom., 771 F.3d 713, 746 (11th Cir. 2014) ("The appellants here simply failed to litigate [the issue and then] attempted to use the Rule 59(e) motion to reopen litigation, an improper basis for moving under Rule 59(e)."); Brogdon *ex rel.* Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) ("Parties . . . may not . . . repackage familiar arguments to test whether the Court will change its mind."). Additionally, Plaintiff's citation to Hickey v. Reeder, 12 F.3d 754 (8th Cir. 1993), does not supports his contention that the threat of tasing constituted an imminent danger, (doc. 24, p. 12), as that case addresses the merits of the underlying excessive force claim, not the imminent danger exception. Thus, it provides no basis for vacating the Court's April 9, 2019 Order.

## CONCLUSION

Plaintiff has not carried his burden to show either manifest injustice, an intervening change in controlling law, or new evidence requiring the Court to vacate its April 9, 2019 Order or the

5

corresponding Judgment in this case.  Therefore, Plaintiff's motions to vacate (Docs. 18, 24) are **DENIED**.  This case shall remain **CLOSED**.

**SO ORDERED**, this 12th day of February, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA