IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

GREGORY DOZIER, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-73

**O R D E R**

Before the Court is Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order. (Doc. 28.) Plaintiff seeks to enjoin Defendants from forcibly shaving his facial hair. (Id. at p. 1.) The Court previously adopted the Magistrate Judge's Report and Recommendation and dismissed this case, (doc. 16), and Plaintiff subsequently filed a Notice of Appeal, (doc. 19).

"It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). "A district judge retains the authority only to act in aid of the appeal, correct clerical errors, or assist in the execution of a judgment that has not been superseded." Madura v. BAC Home Loans Servicing, LP, 655 F. App'x. 717, 723 (11th Cir. 2016) (per curiam) (citing Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990)). Specifically, a district court has the power "to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal." Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (quoting Parks v. U.S. Life and Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982)). In addition, "[t]he general rule regarding divestiture of jurisdiction . . . does not

apply to collateral matters not affecting the questions presented on appeal." Weaver, 172 F.3d at 773.

Here, Plaintiff's Motion does not fit within either of these exceptions. First, Plaintiff's Motion cannot be construed to seek relief from a final judgment under Federal Rule of Civil Procedure 60(b), which permits a court, in certain circumstances, to relieve a party from a final judgment, order or proceeding.[1] See Fed. R. Civ. P. 60(b). Furthermore, in seeking a temporary restraining order, Plaintiff makes the same allegations about prison officials forcibly shaving him that the Court already dismissed, which the United States Court of Appeals for the Eleventh Circuit is being asked to consider in the currently pending appeal. (Compare generally doc. 16 with doc. 28.) Thus, his motion is directly related to the current appeal and as such is not a collateral matter. See, e.g., Fodor v. D'Isernia, 599 F. App'x 375, 376 (11th Cir. 2015) (district court properly retained jurisdiction because the issue before it "did not relate" to the issue on appeal); U.S. v. Reed, 404 F. App'x 464, 465 (11th Cir. 2010) (district court could still rule on plaintiff's motion because it was "separate and distinct from the issues raised in his notice of appeal").

Thus, for the above reasons, the Court **DISMISSES** Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order for lack of jurisdiction. (Doc. 28.) This case shall remain **CLOSED**.

**SO ORDERED**, this 1st day of May, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff has previously filed a Motion to Vacate the Court's Adoption Order, (docs. 18, 24.), which this Court denied, (doc. 27).

2